Opinion
 

 DRAPER, P. J.
 

 —This action for deceit charges misrepresentation of title.
 

 
 *580
 
 One Pennell purportedly bought a 1973 Chevrolet from Fairway Chevrolet in Las Vegas. In California, he turned the car in to defendant Anderson-Behel Porsche/Audi, Inc. for a credit of $1,700 on the purchase of a Porsche. Anderson-Behel sold the Chevrolet to Autocar-Europe, Inc., which in turn sold it to plaintiff Varwig. At some unspecified date the Las Vegas dealer caused the car to be repossessed. No issue as to the propriety of that retaking is raised here. Varwig sued Autocar and Doe defendants, including Anderson-Behel. The latter defendant moved for summary judgment. The motion was granted and summary judgment was entered in favor of Anderson-Behel against plaintiff, who appeals.
 

 The declaration filed by respondent in support of its motion for summary judgment avers only that respondent “has never had any contact with nor made any representations to the plaintiff concerning the automobile in question,” and that respondent “was not a party to the written agreement between defendant Autocar . . . and plaintiff.” Appellant filed no declaration in opposition. Respondent asserts that “an opponent of a motion for summary judgment cannot rely on pleadings, but must make an independent showing.” But a defendant seeking summary judgment must “rule out
 
 all possible
 
 merit” in plaintiff’s action
 
 (Residents of Beverly Glen, Inc.
 
 v.
 
 City of Los Angeles,
 
 34 Cal.App.3d 117, 127 [109 Cal.Rptr. 724]). Moreover, although neither party can depend upon allegations in his own pleadings to cure deficient affidavits, “a party can rely on his adversary’s pleadings to establish facts”
 
 (Parker
 
 v.
 
 Twentieth Century-Fox Film Corp.,
 
 3 Cal.3d 176, 181 [89 Cal.Rptr. 737, 474 P.2d 689, 44 A.L.R.3d 615]).
 

 The complaint alleges that defendant represented itself to be the owner of the Chevrolet, but “knew that the representations were not true,” and made such representation “with no sufficient or reasonable ground for believing it to be true.” Respondent’s uncontradicted declaration effectively removed any issue of direct representation to appellant. But an actionable representation “may be made
 
 indirectly
 
 as well as directly.” (4 Witkin, Summary of Cal. Law. Torts. § 467. p. 2729.)
 

 If a representation is made with “intent to defraud
 
 ... a particular class of
 
 personsthe one making such a representation is deemed to have intended “to defraud every individual in that class who is actually misled by the deceit.”
 
 (Id.,
 
 § 469, p. 2730, and authorities there cited.)
 

 
 *581
 
 As the Restatement puts it: “The maker of a fraudulent misrepresentation is subject to liability ... to another who acts in justifiable reliance upon it if the misrepresentation, although not made directly to the other, is made to a third person and the maker intends or has reason to expect that its terms will be repeated or its substance communicated to the other, and that it will influence his conduct. . . .” (Rest.2d Torts, § 533.) It is not necessary that the maker of the representation “have any particular person in mind. It is enough that he intends or has reason to expect to have it repeated to a particular class of persons and that the person relying upon it is one of that class.”
 
 (Id.,
 
 com. g.)
 

 Respondent’s sole argument was and is that its representation of title was made only to Autocar and hence was not actionable by plaintiff. But respondent, in its cross-complaint against Autocar and its answer to Autocar’s cross-complaint, set forth its contract for sale of the Chevrolet to Autocar. As a part of that contract, Autocar executed and delivered to respondent a certificate exempting the transaction from California sales tax, certifying that the Chevrolet “will be resold by me.” At oral argument below, respondent’s counsel readily conceded that his client “wholesaled” the Chevrolet to Autocar.
 

 The resale sales tax certificate put respondent on notice that Autocar intended resale. Moreover, the transfer to Autocar at “wholesale” was possible only if Autocar was assured that it was receiving a transferable title. Thus respondent had “an advantage to gain ... by furnishing the misrepresentation for repetition” to the class of persons interested in purchasing a secondhand 1973 Chevrolet. Such advantage “is of great significance in determining” whether respondent had “reason to expect that” Autocar would repeat the misrepresentation. (Rest.2d Torts, § 533, com. e.) We conclude that on these facts, respondent’s representation to Autocar was in law an indirect misrepresentation to plaintiff, who purchased the car in reliance upon Autocar’s repetition of the representation.
 

 Respondent argues that it could be liable only if its representation of title were a “statement in advertisements or communicated by means of other mass media”
 
 (Cohen
 
 v.
 
 Citizens Nat. Trust etc. Bank,
 
 143 Cal.App.2d 480, 486 [300 P.2d 14]). But the
 
 Cohen
 
 language is but dictum. That case concerned an apartment house first sold in 1944. After an intermediate sale, Cohen bought it in 1946. In 1952, the health department barred use of basement apartments which had been added before 1944 in violation of the building code. Cohen sued the original
 
 *582
 
 (1944) seller, whose buyer had in no way indicated any intent to resell. We need not quarrel with the holding that Cohen had no right of action against the original seller under these facts (but see Rest.2d Torts, § 532). The purported limitation of liability for indirect representation is, however, wholly unnecessaiy to the decision and, in light of current trends, is unacceptably broad.
 

 The doctrine limiting liability for deceit stems from an 1889 decision of the House of Lords
 
 (Derry
 
 v.
 
 Peek,
 
 14 A.C. 337). A leading text writer has pointed out that American courts have greatly modified the limitation (Prosser, Law of Torts (4th ed.) pp. 699-710). This area of the law “has been undergoing change in the direction of liberalizing the rules as to the expected reliance,” and the Restatement emphasizes that it “is not intended to foreclose or discourage further developments.” (Rest.2d, Torts, § 531, com. h.) Of course, we do not speculate as to the proof appellant can produce at trial. We hold only that, in the posture in which this case was submitted to the trial court, summary judgment was not warranted.
 

 Judgment reversed.
 

 Scott, J., and Devine, J.,
 
 *
 
 concurred.
 

 *
 

 Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.